UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JAMIE CHRISTOPHER HENDERSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-167-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WARDEN KASTENR, et al., | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jamie Christopher Henderson has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Henderson is currently confined in the United States Penitentiary Big Sandy ("USP-Big Sandy"). USP-Big Sandy is located in Inez, Kentucky, which is in this judicial district. Three matters are now before this Court: (1) the Petitioner's motion to proceed *in forma pauperis*, R. 3.; (2) the Petitioner's motion to expedite, R. 5; and (3) the issue of whether the Petitioner has named the proper respondent.

When he commenced this action, Henderson did not submit the filing fee of $5.00, but instead filed an "Application to Proceed Without Prepayment of Fees and Affidavit." *Id*. In support of that motion, Henderson submitted a computer-generated document prepared by the Bureau of Prisons ("BOP"), which document is entitled "Federal Bureau of Prisons TRUFACS." That document lists the deposits into Henderson's federal inmate trust account for the two-month period between June 10, 2008 and August 13, 2008. During this two-month period, a total of

$76.03 was deposited into Petitioner Henderson's inmate account. Dividing that amount by two results in a monthly average deposit amount of $38.01 for that period of time. These funds have been at Henderson's disposal over and above having the costs of his living essentials paid by federal taxpayers. Based on this information, it is clear that Henderson had more than sufficient funds at his disposal with which to pay the $5.00 filing fee for this action.

28 U.S.C. §1915(a) permits the Court to authorize the commencement of an action or appeal without prepayment of fees by a person who submits an affidavit of indigency and, if the person is a prisoner, an institutional certificate of the trust fund account over the six months preceding filing the action or appeal. Under 28 U.S.C. §1915(e)(2), however,

> [T]he court shall dismiss the case at any time if the court determines that–
>
> (A)  *the allegation of poverty is untrue*; or
>
> (B)  the action or appeal--
>
>   (i)  is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. §1915(e)(2) (Emphasis added). Historically, while a party need not be absolutely destitute in order to proceed *in forma pauperis* in federal court, pauper status has been denied to those bringing civil actions where they have adequate money to pay the filing fee. *See Ward v. Werner*, 61 F.R.D. 639 (M.D. Pa. 1974); *Shimabuku v. Britton*, 357 F. Supp. 825 (D. Kan. 1973), *aff'd* 503 F.2d 38 (10th Cir. 1974). Proceeding *in forma pauperis* is a privilege, not a right. *See Shobe v. People of the State of California*, 362 F.2d 545 (9th Cir. 1966), *cert. denied*, 385 U.S.

887 (1966). Because Petitioner Jamie Christopher Henderson has had sufficient resources available with which to pay the $5.00 filing fee for a § 2241 action, his motion to proceed *in forma pauperis* will be denied.

The Court is aware that Petitioner Henderson seeks a ruling on his habeas petition. However, the issue of the $5.00 filing fee must be resolved before the Court will address the merits of Henderson's petition. Accordingly, Henderson's motion to expedite, R. 5., will also be denied.

Finally, the Court takes judicial notice of the fact that Petitioner Henderson is now confined in USP-Big Sandy. Hector Rios, as the Warden of USP-Big Sandy, is the proper respondent in this case because 28 U.S.C. § 2243 provides that the writ or order to show cause is to be directed "to the person having custody of the person detained." *See also Roman v. Ashcroft*, 340 F.3d 314, 319-20 (6th Cir. 2003) (explaining that the immediate custodian rule requires a prisoner filing a habeas corpus petition to name as a respondent the warden of the prison where he is confined). Accordingly, the Clerk of the Court will be directed to designate Hector Rios, the Warden of USP-Big Sandy, as the proper respondent to this action. The Clerk of the Court will further be instructed to terminate "Kastenr" and the United States of America as respondents to this proceeding.

For the foregoing reasons, it is hereby **ORDERED** as follows:

(1) The Clerk of the Court is directed to designate Hector Rios, the Warden of USP-Big Sandy, as the proper respondent to this action.

(2) The Clerk of the Court is directed to terminate "Kastenr" and the United States of

America as respondents to this proceeding.

(3)   Petitioner Jamie Christopher Henderson's "Motion to Expedite," R. 5 is **DENIED**.

(4)   Petitioner Jamie Christopher Henderson's "Motion to proceed *in forma pauperis,*" R. 3, is **DENIED**.

(5)   The petitioner is granted thirty (30) days from the date of entry of the instant Order in which to submit to the Clerk of the Court the sum of $5.00 for the instant filing fee.

(6)   Upon payment of the fee or, in the alternative, the expiration of forty (40) days from the date of entry of this Order, whichever shall occur first, the Clerk of the Court is directed to notify the Pro Se Office.

(7)   The petitioner is on notice that if he fails to pay the filing fee within thirty (30) days from the date of entry of this Order, the Court will dismiss the instant action for want of prosecution.

(8)   The petitioner is instructed to keep the Court informed of his current address. Failure to do so may result in dismissal of this action.

This the 5th Day of November, 2008.



Signed By:
*Amul R. Thapar*  AT
United States District Judge