NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JAMIE CHRISTOPHER HENDERSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>HECTOR RIOS, )<br>)<br>Respondent. )<br>)<br>)<br>) | Civil Action No. 08-167-ART<br><br>**MEMORANDUM OPINION AND<br>ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jamie Christopher Henderson, who is currently confined in the United States Penitentiary Big Sandy ("USP-Big Sandy"), has submitted a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This Court, however, is without jurisdiction to consider Henderson's § 2241 petition because a § 2255 motion would be an adequate and effective method of testing the legality of his detention. *See* 28 U.S.C. § 2255(e). Therefore, Henderson's § 2241 petition must be dismissed.

Henderson was charged in the United States District Court for the Eastern District of North Carolina ("the Trial Court") with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. R. 2, Ex. at 2. After pleading guilty on September 21, 2005, Henderson was sentenced to 42 months in prison, to be followed by three years of supervised release. *Id.* at 2-4. On March 21, 2007, the Trial Court, pursuant to a motion made

under Rule 35(b) of the Federal Rules of Criminal Procedure, reduced Henderson's term of imprisonment to 28 months. *Id*. at 9. As a result, Henderson was released from custody and commenced his term of supervised release on May 17, 2007. *Id*.

Approximately one year later, on May 13, 2008, the Trial Court entered an Order adjudging Henderson to have violated the terms of his supervised release. *United States v. Henderson*, 7:05-CR-00016-01 (E.D.N.C.), R. 30.[1] In particular, the Trial Court found that Henderson had failed to participate as directed in a urinalysis program and had used a controlled substance. In consequence, Henderson's term of supervised release was revoked, and he was committed to the custody of the Bureau of Prisons.

Henderson has filed a § 2241 petition before this Court, presumably because he is confined in this district. He alleges in his petition that he is being unlawfully confined under the provisions of his original 2005 criminal judgment. R. 2 at 3. Specifically, he argues that the imposition of a term of supervised release violated his right to due process of law under the Fifth Amendment of the United States Constitution and his right to effective assistance of counsel under the Sixth Amendment. *Id*. The thrust of Henderson's claim appears to be that a term of supervised release is an unconstitutional sentence since he was not given adequate notice that such a penalty could be imposed for the charged offense. He also appears to argue that the imposition of a term of supervised release is a violation of the doctrine of separation of powers. The merits of these arguments, however, cannot be reached because this Court is without

---

[1] This document is listed in the Trial Court record as an "Order," although in the caption of the document, it is described as a "Judgment."

jurisdiction to entertain Henderson's petition.

The avenue of habeas relief available to federal prisoner who is challenging the imposition of his sentence is found in 28 U.S.C. § 2255(a), which permits a federal prisoner to challenge the legality of his detention by moving the sentencing court "to vacate, set aside or correct the sentence." Under ordinary circumstances, this is the only form of habeas relief open to a federal prisoner who is challenging the imposition of his sentence.[2] Thus, courts other than the sentencing court are generally without authority to entertain habeas petitions from a federal prisoner who seeks to make such a challenge. However, there is an exception to this general rule. Section 2255(e) contains a savings clause that permits a federal court other than the sentencing court to entertain a § 2241 habeas petition from a federal prisoner who is challenging the imposition of his sentence if it appears that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of the [federal prisoner's] detention." This is an exceedingly narrow exception. Indeed, the Sixth Circuit has held that it only applies "when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Because Henderson is simply attacking the validity of his sentence rather than arguing that he is actually innocent, the § 2255(e) savings clause does not apply here. *See United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *see also McNeair v. Bureau of Prisons*, No. Civ.A. 6:06-11-DCR, 2005 WL 3800593, at *1-*2 (E.D. Ky. Feb. 21, 2005) (rejecting a similar

---

[2]A federal prisoner who is challenging the execution of his sentence, however, may pursue a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461(6th Cir. 2001). This is not the case here, though, as Henderson is clearly challenging the imposition of supervised release, not the manner in which his sentence is executed or served.

challenge to supervised release on the basis that the petitioner's claim was not one of actual innocence). Therefore, this Court is without authority to entertain Henderson's § 2241 petition.

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Jamie Christopher Henderson's petition for writ of habeas corpus, R. 2, is **DISMISSED,** sua sponte, **WITHOUT PREJUDICE**.

(2) Petitioner Jamie Christopher Henderson's "Renewed Motion for an Expedited Ruling," R. 8, is **DENIED** as moot.

(3) The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision would not be taken in good faith.

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

(5) This action shall be stricken from the active docket.

This the 16th day of December, 2008.

Signed By:
*Amul R. Thapar* AT
United States District Judge